UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT EDRINGTON | CIVIL ACTION |
| VERSUS | NO. 07-4286 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on the issue whether subject matter jurisdiction exists in this matter. Having considered the record, the memoranda of counsel and the law, the Court has determined that it lacks subject matter jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

For present purposes, the defendant removed this matter on the basis of diversity.[1]  The defendant has not met its burden of establishing jurisdiction.   The defendant's argument is based on the policy limits of $164,517.00.  However, the plaintiffs assert that they have received $118,000.00, and neither party asserts that the pre-Katrina value of the property exceeded the homeowner policy limits.   See Broussard v. State Farm Fire & Casualty Co., 2007 WL 2264535 (E.D.La.); Weiss v.

---

[1] The Court has previously determined that jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, does not exist in cases such as this.

Allstate Insurance Co., 2007 WL 891869 (E.D.La.).   Therefore, this Court finds that the allegations in the complaint do show that the jurisdictional minimum is "facially apparent" and the defendant has not made a showing "sufficiently particularized" to meet the its burden.  Even if penalties, fees and damages were considered, the jurisdictional minimum has not been shown.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 4th  day of October, 2007.

                        HELEN G. BERRIGAN
                        UNITED STATES DISTRICT JUDGE